UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK E. CHERNAK,

    Plaintiff,

v.

BLANKENSHIP HOMES, INC.
JLB DEVELOPMENT, INC.,
JOHNNY BLANKENSHIP,
J.D. MARTIN BUILDER, INC.,

    Defendants.

CIVIL ACTION FILE
NO. 1:03-CV-1849-WBH

## ORDER

Before the Court is Plaintiff's motion to exclude expert testimony [30]. For the reasons that follow, the motion is DENIED.

Nearly a year after the discovery period ended, Defendants identified several witnesses who might be called upon to provide expert or opinion testimony. In its motion to exclude, Plaintiff complains that Defendants have never provided him with any of the relevant disclosures or expert reports required by Rule 26, and he moves the Court to exclude all expert testimony. In response, Defendants state that the only expert they plan to call is the appraiser, William Edmondson, and they provide no real justification for their failure to timely disclose him.

At the pre-trial conference, Defendants' counsel clarified that in addition to Mr. Edmondson, it was possible that two other witnesses would provide expert or opinion testimony – design engineer Rick Stepp and former Douglas County

employee Greg Bates. At the conclusion of the hearing, the Court directed Defendants to provide Plaintiff with a summary of the testimony of Stepp and Bates and instructed Plaintiff to review the summaries and notify the Court if he wished to continue his objections. Through a filing dated January 16, 2006, Plaintiff has renewed his objection to these witnesses being allowed to provide expert or opinion testimony.

Having reviewed the proposed testimony of these witnesses, it appears likely that Rick Stepp's testimony will include expert opinions, and it is possible that Greg Bates may also provide an expert opinion. Plaintiff cannot claim to be surprised by their testimony since both men were involved with the planning of the subdivision and have personal knowledge about the facts of this case. While Defendants were remiss in failing to timely designate them as experts, Plaintiff has not articulated how he has been harmed by the delay. As for the testimony of the appraiser, Mr. Edmondson, again, it can come as no surprise that Defendants would seek to offer testimony regarding the value of the property. The motion to exclude the opinions and other testimony of these witnesses is DENIED.

Plaintiff may depose these witnesses and may challenge their qualifications through a <u>Daubert</u> motion. Absent a finding that these witnesses are not qualified to render expert opinions, however, they will be permitted to testify and state their

opinions.[1]

It is so ORDERED this 27 day of January, 2006.

                                                            Willis B. Hunt, Jr.
                                                            Judge, United States District Court

---

[1] This ruling assumes that Defendants have now fully complied with the requirements of Rule 26.

3